IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Michael Johnson, | ) | |
| | ) | C/A No. 6:19-02681-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Sheriff Anthony Dennies, Director McGhaniey, Cpt. Lumpkin, Cpt. Blanding, Quality Correction Health Care, Lt. MacMillian, Lt. Neal, Lt. James, Lt. Sweat, Lt. Martin, Lt. Shirah, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff Michael Johnson, proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. On September 26, 2019, the magistrate judge entered an Order alerting Plaintiff that his complaint was subject to dismissal for failure to prosecute and failure to comply with a court order and allowing Plaintiff twenty-one days to correct the deficiencies identified therein. (ECF No. 5). Plaintiff filed an amended complaint. (ECF No. 9). On October 23, 2019, the magistrate issued a second Order alerting Plaintiff that his complaint was subject to dismissal for failure to state a claim for relief and allowing Plaintiff fourteen days to cure the described deficiencies. (ECF No. 14). Plaintiff filed a second amended complaint. (ECF No. 17). Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the instant action be dismissed with prejudice and without issuance and service of process. (ECF No. 26). Plaintiff

1

was advised of his right to file objections to the Report. *Id.* at 13. Plaintiff, however, has not filed any objections, and the time to do has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

After a thorough review of the Report and the record in this case, the court adopts the Magistrate Judge's Report (ECF No. 13) and incorporates it herein. Accordingly, this action is **DISMISSED *with prejudice*[1]** and without issuance and service of process.

**IT IS SO ORDERED.**

---

[1] The magistrate judge specifically warned Plaintiff that failure to cure the deficiencies identified in the Order found at docket entry 14 would result in the magistrate judge recommending dismissal with prejudice. (ECF No. 14). Plaintiff did not file an amendment that cured the deficiencies. Accordingly, because the magistrate judge gave Plaintiff an opportunity to amend and alerted Plaintiff of the consequences of not curing the deficiencies and because Plaintiff failed to file any such amendment, the court finds dismissal *with prejudice* to be appropriate.

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
March 5, 2020

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.